UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ADAM C. SCOTT | * | |
| | * | |
|    Plaintiff, | * | CIVIL ACTION NO. |
| | * | SECTION " " |
| VERSUS | * | |
| | * | JUDGE: |
| UNION PACIFIC RAILROAD COMPANY | * | MAGISTRATE: |
| | * | |
|    Defendant. | * | |
| | * | |

******************************************

## COMPLAINT FOR DAMAGES

NOW COMES, through undersigned counsel, Plaintiff Adam C. Scott, a person of the full age of majority and a resident of the Parish of Jefferson, State of Louisiana, and for his Complaint for Damages, respectfully represents:

**I.**

Made Defendant herein is: Union Pacific Railroad Company (hereinafter referred to as "Union Pacific"), a corporation duly organized and existing under the laws of the State of Delaware and authorized to do and doing business in the Eastern District of Louisiana, State of Louisiana.

**II.**

This is an action arising under the provisions of the Federal Employers' Liability Act, 45 U.S.C. Sec. 51, *et seq*., ("the FELA"), to recover damages for personal injuries sustained by Plaintiff while employed by Defendant Union Pacific and while engaged in interstate commerce.

**III.**

Jurisdiction of this Honorable Court is conferred by 28 U.S.C. 1337.

**IV.**

At all times material hereto, Plaintiff is and/or has been an employee of Defendant Union Pacific and/or its predecessor corporations, and the injuries and damages sustained by Plaintiff, as hereinafter set forth and for which Defendant is liable, were sustained by Plaintiff while engaged in the course of his employment duties, and in furtherance of interstate commerce and directly or closely and substantially affecting such commerce.

**V.**

Defendant Union Pacific is and was, at all times mentioned herein, a common carrier by railroad; owning, operating, and maintaining in interstate commerce, a railway system, involving railroad tracks and facilities located throughout the State of Louisiana and within the Eastern District of Louisiana.

**COUNT I**

**VI.**

Plaintiff re-alleges, as if copied herein *en extenso,* the allegations in paragraphs I-V.

**VII.**

On or about June 12, 2014, Plaintiff was in the usual and customary performance of his duties as a Conductor, working for Defendant Union Pacific in its Avondale Yard, within the Parish of Jefferson, State of Louisiana.

**VIII.**

In the course of his assigned work duties of switching railcars, Plaintiff encountered a defective coupler system on a railcar while pulling pins during a kicking operation. Accordingly, Plaintiff was forced to walk alongside the railcar, on uneven ballast, to continuously hold up the

Pin Lifter/cut lever to accomplish the task of separating/kicking of the railcars. During this operation, Plaintiff suffered an injury to his right leg, *inter alia*.

### IX.

The aforesaid injuries were incurred as a result of Union Pacific's negligent conduct and its absolute liability for its violation of the Federal Safety Appliance Act, 49 U.S.C. 20302(a)(1)(A), on that date.

### X.

Plaintiff's injuries were caused in whole or in part by the negligence of Defendant Union Pacific, and in the following particulars:

(a) In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to use reasonable care to provide Plaintiff with a reasonably safe place in which to work;

(b) In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to comply with the applicable Federal Regulations found in Title 49, enacted for the safety and protection of railroad employees;

(c) In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to use care by requiring Plaintiff to work in unsafe working conditions;

(d) In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to inspect and maintain the Pin Lifter and cut levers on railcars in a safe condition;

(e) In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to inspect, maintain and repair unsafe walking conditions in areas where its employees were required to walk;

(f) In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to exercise reasonably safe methods for work when it knew or should have known of such unsafe working conditions, and that such conditions were reasonably likely to cause substantial harm;

(g) In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to provide reasonably adequate supervision to ensure that safe conditions and methods of work were available and it knew or should have known thereof that such lack of safe walking conditions would likely cause substantial harm;

(h) In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to provide reasonably adequate assistance, manpower, and time for work and/or breaks when it knew or should have known of such unsafe working conditions;

(i) In that Union Pacific violated its own Safety and Operating Rules; and

(j) In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to employ and require safe working practices, particularly those in connection with immediately inspecting and repairing holes, loose ballast, embankments, ruts and/or depressions in its switching yard walkways.

**XI.**

As a result of the negligence of Defendant Union Pacific, along with its absolute liability due to its violation of the FSAA, Plaintiff suffered painful injuries to his lower back, *inter alia*. Since the injury of June 12, 2014, Plaintiff experienced some physical pain and the ability to enjoy some of the various pleasures of life, however, Plaintiff was able to continue working for Defendant Union Pacific, until the accident of on or about February 9, 2015.

## COUNT II

### XII.

Plaintiff re-alleges, as if copied herein *en extenso,* the allegations in paragraphs I-V.

### XIII.

On or about February 9, 2015, Plaintiff was in the usual and customary performance of his duties as a Brakeman, working for Defendant Union Pacific, at the Grain Station in Ama, Louisiana, within the Parish of St. Charles, State of Louisiana.

### XIV.

On said date, at approximately 4:30 a.m., in the course of his assigned duties, Plaintiff was walking alongside a train performing a brake test; and while proceeding in the walking path, suddenly and without warning, encountered a deep "sink" hole, causing Plaintiff to injure his right leg and lower back, *inter alia*.

### XV.

The aforesaid injuries were incurred as a result of Union Pacific's negligent conduct and violation of various Federal Regulations on that date.

### XVI.

Plaintiff's injuries were caused in whole or in part by the negligence of Defendant Union Pacific generally and in the following particulars:

(a) In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to use reasonable care to provide Plaintiff with a reasonably safe place in which to work;

(b) In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to comply with the applicable Federal Regulations found in Title 49,

enacted for the safety and protection of railroad employees;

(c) In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to use care by requiring Plaintiff to work in unsafe working conditions;

(d) In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to provide adequate lighting in its yard for the employees to work safely;

(e) In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to inspect, maintain and/or repair unsafe walking conditions in areas where its employees were required to walk;

(f) In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to exercise reasonably safe methods for work when it knew and/or should have known of such unsafe working conditions, and that such conditions were reasonably likely to cause substantial harm;

(g) In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to provide reasonably adequate supervision to ensure that safe conditions and/or methods of work were available and it knew or should have known thereof that such lack of safe walking conditions would likely cause substantial harm;

(h) In that Union Pacific violated its own Safety and Operating Rules; and

(i) In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to employ and/or require safe working practices, particularly those in connection with immediately inspecting and repairing holes, loose ballast, embankments, ruts and/or depressions in its switching yard walkways.

## XVII.

As a result of the negligence of Defendant Union Pacific, Plaintiff suffered severe and

painful injuries and has physical limitations and restrictions regarding his right knee and lower back, *inter alia*. Since the injury of February 9, 2015, Plaintiff has experienced and endured pain and may, for an indefinite period of time into the future, experience and endure pain, suffering, inconvenience, irritation, annoyance, limits, restrictions, impairment of his body; has endured and may, for an indefinite period of time into the future, endure mental pain and anguish, past and future; has incurred and will incur further medical expenses associated with the treatment of his knee and back; has been placed at risk for further injury; has suffered the loss and/or impairment of the ability to engage in his usual activities and occupation; has suffered the loss and/or impairment of his earnings and earning capacity; has suffered the loss and/or impairment of his general health, strength and vitality; and has suffered the loss and/or impairment of the ability to enjoy the various pleasures of life.

## DAMAGES

### XVIII.

As a result of the incidents complained of in Counts I and II, Plaintiff demands all damages reasonable in the premises for the following:

A) Physical Pain and Suffering, Past & Future

B) Mental Anguish , Past & Future

C) Permanent Impairment and Limitation

D) Loss of Enjoyment of Life's Pleasures;

E) Past Lost Wages

F) Future Loss of Earning Capacity and Fringe Benefits;

G) Unpaid Medical Bills; and

H) Future Life Care needs and Medical Expenses

**WHEREFORE**, Plaintiff Adam C. Scott prays that Defendant Union Pacific Railroad Company be duly cited and served with a copy of this Complaint and be made to appear and answer same, and after due proceedings had, there be judgment rendered herein in favor of Plaintiff Adam C. Scott and against Defendant Union Pacific Railroad Company, for all damages reasonable in the premises, together with legal interest thereon, from date of judgment, until paid, and for all costs of these proceedings.

Respectfully submitted,

**ROME, ARATA, BAXLEY & STELLY, L.L.C.**

/s/   Blake G. Arata, Jr.
BLAKE G. ARATA, JR., Bar No. 1697
C. PERRIN ROME, III, Bar No. 17774
W. CHAD STELLY, Bar No. 21140
650 Poydras Street, Suite 2017
New Orleans, Louisiana  70130
Telephone: (504) 522-9980
Facsimile: (504) 522-9971
E-mail: barata@romearata.com
         wcstelly@romearata.com
Attorneys for Plaintiff Adam C. Scott

**PLEASE SERVE:**

**UNION PACIFIC RAILROAD COMPANY**
through its Agent for Service of Process:
CT Corporation Systems
5615 Corporate Blvd., Suite 400B
Baton Rouge, Louisiana  70808